[No. D010970. Fourth Dist., Div. One. Sept. 20, 1990.]

FREDERICK WILEY et al., Plaintiffs and Respondents, v. JUNE RHODES et al., Defendants and Appellants.

COUNSEL

MacDonald, Ravin & Luther, William W. Ravin and Jeanette R. Gardon for Defendants and Appellants.

Givens & Mazzanti and Gino V. Mazzanti for Plaintiffs and Respondents.

OPINION

**KREMER, P. J.**—Defendants June Rhodes et al. (Rhodes) appeal the portions of a default judgment favoring plaintiffs Frederick and Joanne Wiley (Wiley) awarding punitive damages and costs. Rhodes attacks the punitive damage award and costs as violating due process. We reverse those portions of the judgment. We affirm the remainder of the judgment.

# I

## Facts and Procedural History

In November 1988 Wiley sued Rhodes for damages for breach of oral contract, fraud and misrepresentation, concealment, conversion and breach of fiduciary duty. Wiley's complaint alleged Rhodes improperly charged and retained a $20,000 fee for arranging a home refinance loan for Wiley. Wiley's complaint sought $20,000 general damages plus interest, unspecified punitive damages and unspecified costs. Ultimately Wiley took the default of each defendant.

After a default prove-up hearing and memorandum of costs filed by Wiley, the superior court awarded Wiley $28,399.88 general damages including interest, $100,000 punitive damages and $3,808 costs including attorney fees. Rhodes appeals.

# II

## Discussion

### A

### Punitive Damages

■ Rhodes contends the punitive damage award violated due process because before entry of default judgment Rhodes was not given notice of the specific amount of punitive damages Wiley would seek. We agree.

Civil Code[1] section 3295, subdivision (e), provides: "No claim for exemplary damages shall state an amount or amounts." Thus, a plaintiff may not state the amount of punitive damages sought either in the body of the complaint or in the prayer.[2] The statute does not specify how a plaintiff should notify the defendant of the amount of punitive damages sought. ■ However, "a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction." (*Greenup* v. *Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295].) Due process requires a defendant in a case involving a default judgment be given adequate notice of the judgment that may be entered. (Cf. *Becker* v.

---

[1] All statutory references are to the Civil Code unless otherwise specified.

[2] The statutory purpose is preventing use of a punitive damage claim as a financial bludgeon. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter 1990) § 6:173.2, rev. #1, 1989.)

*S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915].)

 The Code of Civil Procedure contains several sections intended to ensure defendants who decline to contest lawsuits do not subject themselves to open-ended liability. (See Code Civ. Proc., §§ 580, 585, 586, 425.10, 425.11; *Greenup* v. *Rodman, supra,* 42 Cal.3d at p. 826.) Code of Civil Procedure section 425.10—a statute similar to Civil Code section 3295, subdivision (e)—provides in an action for personal injury or wrongful death the amount of damages shall not be specified in the complaint. Code of Civil Procedure section 425.11 provides in such case the plaintiff must give notice to the defendant of the amount of special and general damages sought before a default may be taken. That requirement ensures defendants are given notice of exactly what they may lose under a default judgment that may be assessed against them. (Cf. *Greenup* v. *Rodman, supra,* 42 Cal.3d at p. 826.) Permitting the punitive damage award here would contravene the concern for due process underlying statutes such as Code of Civil Procedure section 425.11.

In *Greenup* v. *Rodman, supra,* 42 Cal.3d 822, a case antedating section 3295, subdivision (e), involving a default entered as a discovery sanction, the superior court awarded plaintiff more damages than specified in the complaint. The Supreme Court decreased the award to those sums pleaded. The court stated: "We conclude that due process requires notice to defendants, whether they default by inaction or by wilful obstruction, of the potential consequences of a refusal to pursue their defense. Such notice enables a defendant to exercise his right to choose—at any point before trial, even after discovery has begun—between (1) giving up his right to defend in exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability." (*Id.* at p. 829.) The court also stated: "We conclude that in all default judgments the demand sets a ceiling on recovery." (*Id.* at p. 824.) Similarly, we conclude because Wiley's complaint was silent as to the amount of punitive damages sought, Wiley should have furnished Rhodes with notice of the amount sought before requesting entry of default. (Cf. *Greenup* v. *Rodman, supra,* 42 Cal.3d at p. 830.)[3]

---

[3] An attorney practice manual notes: "No procedure similar to CCP § 425.11 is provided for punitive damage claims. [¶] However, it seems clear that prior to entry of default, some sort of notice to defendant would be required [citation]." (Weil & Brown, Cal. Practice Guide, *supra,* § 6:173.4, rev. #1, 1989.)

Further, "[a]s mentioned earlier, it is no longer proper to allege in the complaint the *amount or amounts* of punitive damages sought. [Civ.C. § 3295(e) . . . .] [¶] However, the statute does not specify how defendant is to be provided with notice of the amounts claimed where a default judgment is sought. [¶] Comment: Since notice is an essential element of due

We disagree with Wiley's contention allegations in the complaint claiming entitlement to punitive damages "appropriate to punish or set example of defendants" constituted sufficient notice to satisfy due process. Wiley would leave defendants to speculate about the potential consequences of refusing to pursue a defense. (*Greenup* v. *Rodman, supra,* 42 Cal.3d at pp. 826, 829; *Becker* v. *S.P.V. Construction Co., supra,* 27 Cal.3d at p. 494.) A general allegation of entitlement to punitive damages is not reasonably calculated to apprise the defendant of potential financial liability for punitive damages if judgment is taken by default.[4]

We conclude the superior court should not have awarded Wiley punitive damages against Rhodes.

B

COSTS

■ The superior court awarded Wiley $3,808 attorney fees as costs. Rhodes challenges the cost award as violating due process. Rhodes asserts Wiley's complaint did not allege any contract authorizing attorney fees and did not demand attorney fees. We agree.

If Wiley was entitled by statute or contract to attorney fees, that fact should have been pleaded in the complaint and a demand included in the prayer. (Weil & Brown, Cal. Practice Guide, *supra,* § 6:169.1, rev. #1, 1990.) In *Becker* v. *S.P.V. Construction Co., supra,* 27 Cal.3d at page 495, the Supreme Court reversed an attorney fee award in a default judgment because the complaint did not pray for attorney fees. Here Wiley's complaint did not allege entitlement to attorney fees. We thus conclude the superior court should not have awarded Wiley attorney fees as costs.[5]

---

process [citation], the Legislature's failure to provide for notice *cannot* be construed to excuse the requirement of notice before entry of default." (Weil & Brown, Cal. Practice Guide, *supra,* § 5:37.15, rev. #1, 1990, italics in original.)

[4] We note nothing in section 3295, subdivision (e), prohibits a plaintiff from giving the defendant notice—separate from the complaint—of the amount of punitive damages sought. (Accord Weil & Brown, Cal. Practice Guide, *supra,* § 5:37.16, rev. #1, 1990.)

[5] We note Wiley also failed to request attorney fees as costs on the request to enter default. (Cal. Rules of Court, rule 870(a).)

## DISPOSITION

The portions of the judgment awarding Wiley punitive damages and attorney fees as costs are reversed. The remainder of the judgment is affirmed. Each side shall bear its own costs on appeal.

Benke, J., and Huffman, J., concurred.