**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL HUPP, <br><br>  Plaintiff - Appellant, <br><br> v. <br><br> KEITH D. JONES, Individually, AKA "Noworries", <br><br>  Defendant - Appellee. | No. 10-56889 <br><br> D.C. No. 2:08-cv-06927-GW-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Paul Hupp appeals pro se from the district court's default judgment in his

diversity action alleging defamation, invasion of privacy, and intentional infliction

of emotional distress under California law. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review for an abuse of discretion. *Speiser, Krause & Madole, P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (entry of default judgment); *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1495 (9th Cir. 1995) (damages award). We affirm.

The district court did not abuse its discretion in declining to enter default judgment with respect to Hupp's invasion of privacy claim because Hupp failed to establish that he pled a viable claim. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth factors for district court to consider in exercising discretion to enter default judgment); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (per curiam) (district court does not abuse its discretion in denying default judgment with respect to claim that lacks merit); *Folgelstrom v. Lamps Plus, Inc.*, 125 Cal. Rptr. 3d 260, 265 (Ct. App. 2011) (discussing requirements for an invasion of privacy claim and explaining that "[t]he tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in awarding a default judgment of $1,000 in nominal damages for Hupp's defamation claim, because Hupp did not sufficiently prove that he was entitled to a greater amount of damages. *See*

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (explaining that Fed. R. Civ. P. 55 "gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment" and that "upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true" (citation and internal quotation marks omitted)); *see also Parish v. Peters*, 1 Cal. Rptr. 2d 836, 845 (Ct. App. 1991) (default judgments require proper notice to defendant of the amount of damages sought, and a general jurisdictional allegation is not sufficient).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Hupp's remaining contentions are unpersuasive.

**AFFIRMED.**