Filed 11/23/15  U.S. Bank National Assn. v. Alizadeh CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ABOLGHASSEM ALIZADEH et al., <br><br> Defendants and Appellants. | C074772 <br><br> (Super. Ct. No. S-CV-0032588) |

The trial court entered a default judgment in favor of plaintiff U.S. Bank National Association (USB) against remaining individual defendants Abolghassem Alizadeh and Paul A. Warner,[1] and denied a motion to set aside the judgment and underlying defaults.

---

[1]  In response to the court's letter advising the parties that it was prepared to render an opinion, appellants Mike Alizadeh and Great Northwest Restaurants, Inc., requested dismissal of their appeals with prejudice.  We granted their request.  This leaves only the two individual defendants, Abolghassem Alizadeh and Paul A. Warner.

The defendants appeal, asserting the trial court erred in denying their motion for relief and the judgment is void for lack of notice in the complaint of the damages sought. Agreeing with the latter point, we decline to reach the former. We shall reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts pertinent to our disposition are few. We omit the showing in support of the motion for relief in light of the nature of our disposition.

By virtue of a protracted series of financial transactions we do not need to detail, USB acquired title through foreclosure to an office building (Stoneview Plaza) in Roseville in April 2012. (USB acquired title as the trustee for an entity with a lengthy name that we omit.) In an unlawful detainer action, USB obtained a January 2013 judgment of possession against defendants Abolghassem Alizadeh, Mike Alizadeh, Paul Warner, Great Northwest Restaurants, Inc. (Great Northwest), and Stoneview Office, LLC. It then filed the present action in February 2013 for breach of the 2005 lease between its predecessor in interest[2] and Mike Alizadeh and Great Northwest (which had a five-year term with an option for renewal), and for holdover damages as to all five defendants between the dates of the foreclosure and the entry of the judgment of possession.

In April 2013, the court clerk entered default against the five defendants at the request of USB. In July 2013, USB moved for default judgment against them. The trial court held a prove-up hearing, and entered a default judgment against the two lessees for over $206,000 on the Stoneview Plaza lease and against all five defendants for over $73,000 in holdover damages.

---

[2] Defendant Abolghassem Alizadeh signed the lease as the predecessor in interest's general partner.

Defendants (with the exception of Stoneview Office, LLC, which therefore is not a party to this appeal) subsequently moved to set aside the judgment and defaults in August 2013 pursuant to the mandatory provisions of Code Civil Procedure section 473[3] on the basis of defendant Warner's affidavit of attorney fault.  The trial court denied relief to defendant Warner because the provision did not apply to self-represented attorneys (a point Warner concedes on appeal), and to the remainder of the moving defendants because it did not find any evidence that defendant Warner had acted as their counsel in *this* matter.  The court also refused to consider an argument—first raised in defendants' points and authorities in reply to USB's opposition—that the default judgment was void because the complaint failed to provide notice of the amount of damages sought.  Defendants filed timely notices of appeal in September 2013;[4] briefing was completed 21 months later.

## DISCUSSION

Defendants assert that the trial court erred in failing to consider the grounds for *discretionary* relief under section 473 for defendant Warner.  They also argue defendant Warner represented defendant Alizadeh in *other* matters, which thus qualified defendant Alizadeh for mandatory relief in the present matter.  We do not need to resolve these issues, because we find the default judgment was void for lack of notice of damages.

The trial court, as noted, never reached this issue.  Ordinarily, a court properly ignores an argument raised for the first time in a reply brief.  (*Sourcecorp, Inc. v. Shill*

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

[4] Defendants specified only the default judgment in their notices of appeal.  We deem the notices of appeal to include the postjudgment order denying relief under section 473, which is separately appealable because it raises issues not embraced in the judgment. (*Spellens v. Spellens* (1957) 49 Cal.2d 210, 228-229; *Sanford v. Smith* (1970) 11 Cal.App.3d 991, 997.)

3

(2012) 206 Cal.App.4th 1054, 1061, fn. 7.)  However, when a trial court denies a motion to vacate a *void* judgment, the order is itself void as well (*311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009, 1014) and therefore an argument that a default judgment awarded damages in violation of due process can even be raised initially on appeal (*Matera v. McLeod* (2006) 145 Cal.App.4th 44, 59 (*Matera*)).  We thus properly consider the merits of this argument.

"The starting point for our analysis is section 580, which states quite simply, 'The relief granted to [a] plaintiff, if there be no answer, cannot exceed that which [is] demanded in [the] complaint . . . .' " (*Parish v. Peters* (1991) 1 Cal.App.4th 202, 207 (*Parish*).)  This "constitutes a statutory expression of the mandates of due process, which require '*formal notice* of potential liability.' " (*Ibid*., italics added, citing *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 (*Greenup*).)  This *formal* notice satisfies the right under due process to decide whether to defend an action or not.  (*Parish*, at pp. 213-214; accord, *Greenup*, at p. 829.)  Thus, except for personal injury or wrongful death cases (to which a different procedure applies (see §§ 425.10, 425.11)), "a specific amount of damages must be averred, either in the prayer or in the body of the complaint." (*Parish*, at p. 214.)  Actual notice will not take the place of formal notice.  (*Greenup*, at p. 826.)  The formal notice of damages sought must be given before the entry of the *default*.  (*Matera*, *supra*, 145 Cal.App.4th at p. 61 [discussing service of statement of damages under section 425.11]; cf. *Parish*, *supra*, 1 Cal.App.4th at p. 213 [providing for prove-up hearing *after* default does not cure a lack of notice of damages]; see *Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 435 (*Schwab*) [defendant entitled to notice of liability a reasonable period of time *before* default may be entered].)

The damages for breach of the Stoneview Plaza lease are not at issue in this appeal (being awarded solely against the dismissed appellants).  As noted above, the complaint alleges that USB acquired title to Stoneview Plaza in April 2012 and obtained a judgment

4

of possession in January 2013. The complaint consequently demanded "the reasonable rental value for the period between the foreclosure sale and . . . the date of entry of judgment for possession," but did not specify any particular amount. The prayer for relief was not any more specific. The *cover page* asserts the complaint involves unlimited jurisdiction because the amount demanded exceeds $25,000, but the *body* of the complaint alleges only that the superior court "has jurisdiction over this action." Thus, the complaint as a whole (disregarding the cover page) is devoid of any specification of damages.

The Supreme Court's "bright-line rule for the requisite notice of [specific] damages" was "somewhat dimmed in *Greenup*" (*Parish*, *supra*, 1 Cal.App.4th at p. 214), which held that even where a complaint failed to allege a *specific* amount of damages, an allegation that the compensatory damages *exceed* the jurisdictional requirement of the superior court is sufficient to impart notice of the jurisdictional threshold and would therefore support a default judgment for compensatory damages in that amount. (*Parish*, at pp. 214-215, citing *Greenup*, *supra*, 42 Cal.3d at pp. 829-830.) However, the Supreme Court subsequently made clear that *Greenup* could not be read as holding "that defendants are chargeable with constructive notice of the jurisdictional minimum of damages in all cases . . . ." (*Parish*, at p. 217, citing *Schwab*, *supra*, 53 Cal.3d at p. 433.)[5] We also held in *Parish* that a mere allegation that unspecified damages are *within* the jurisdiction of the court is not the equivalent of a prayer for damages in an amount that *exceeds* the superior court's jurisdiction; "[t]his nebulous assertion does not meet the minimum due process standards for notice of the damages sought." (*Parish*,

---

[5] *Schwab* held that where the amount of *punitive* damages alleged of itself is enough to establish the jurisdiction of the superior court, a failure to specify the amount of *general* damages is fatal to a judgment of *any* amount for general damages. (*Schwab*, *supra*, 53 Cal.3d at pp. 434-435.)

*supra*, 1 Cal.App.4th at pp. 216-217.)  In any event, following the unification of the municipal and superior courts, an unadorned reference merely to the superior court's "jurisdiction" no longer gives *any* notice of a minimum amount of damages, because all causes are now within the superior court's jurisdiction.  (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1529.)  Thus, the present complaint's allusion to the matter being within the "jurisdiction" of the superior court does not provide any notice of the amount of damages.

USB does not engage with any of these principles.  It simply asserts "there can [not] be [any] surprise to" the individual defendants, who "were fully aware of the damages they owe here" (and thus they cannot be prejudiced from the deficiencies in the complaint with respect to holdover damages) because they were parties to the unlawful detainer proceeding in which the trial court set a reasonable rental value ($7,700 per month) in connection with issuing a stay of eviction pending an appeal from the judgment of possession.  USB also argues the attachment of the lease (and an addendum) as exhibits to the complaint, and the allegations of the amounts of monthly rent due under the lease addendum[6] were sufficient to give notice of damages.  Finally, USB points to the specification of damages in its request for court judgment that it served on defendants.

The individual defendants' possible actual knowledge of the amount of liability for holdover damages is irrelevant under the authority cited above.  Any *post-default* specification of damages in the request for court judgment or at the prove-up hearing is similarly incompetent under the above authority to cure the defect in the complaint's

---

**6** The allegations were based on a schedule in the addendum governing the monthly rent in the last three years of the original lease (2007-2010).  Rent thereafter was supposed to be based on 95 percent of the fair market rent for buildings on Douglas Boulevard in Roseville.  The complaint does not reveal whether the lease was in fact renewed or the rent adjusted after the original 2005-2010 lease expired.

6

allegations.[7]  As for the inclusion of the lease in the complaint and the allegation regarding the range of monthly rents, holdover damages are "based on the reasonable rental value of the premises," which is usually based on the lease, but "evidence can justify an upward or downward departure from this amount."  (Wiseman & Reese, Cal. Practice Guide: Civil Procedure Before Trial—Claims and Defenses (The Rutter Group 2015) ¶¶ 11:189, 11:192, pp. 11-14, 11-15; accord, *Lehr v. Crosby* (1981) 123 Cal.App.3d Supp. 1, 9; see *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d 1032, 1069 [all discussing prejudgment holdover damages in unlawful detainer actions].)  As a result, the amount of monthly rent in 2007-2010 does not give any notice of any particular amount of holdover damages for 2012-2013.

Accordingly, even if the trial court erred in failing to grant relief from default on the complaint, it cannot prejudice the individual defendants, because the trial court is without power to award *any* damages in a default judgment against them based on the complaint.  If USB is to recover any damages from defendants, it must seek to set aside the defaults it requested and proceed thereafter on the merits.

---

[7] USB's invocation of *Barragan v. Banco BCH* (1986) 188 Cal.App.3d 283, 303 as being somehow to the contrary is inapt.  The cited page *confirms* that a plaintiff "must give notice to the defendant of the amount sought before *a default* may be taken" (italics added) and that a subsequent default *judgment* entered without giving such *pre-default* notice is void.  The decision then concluded that the void *portion* of the default judgment did not "taint" the damages awarded.  (*Id*. at pp. 303-305.)

## DISPOSITION

The appeals of defendants Mike Alizadeh and Great Northwest Restaurants, Inc., already having been dismissed by order on September 14, 2015, the judgment is reversed only as to the remaining defendants, Abolghassem Alizadeh and Paul A. Warner, who shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


           BUTZ           , J.


We concur:


      BLEASE      , Acting P. J.


      ROBIE        , J.