[No. G039211. Fourth Dist., Div. Three. July 18, 2008.]

JULIUS SCHIFAUGH IV CONSULTING SERVICES, INC., Plaintiff and Respondent, v.
AVARIS CAPITAL, INC., Defendant and Appellant.

**COUNSEL**

Samuel G. Broyles, Jr., for Defendant and Appellant.

Law Offices of Henry N. Jannol, Henry N. Jannol and Paul H. Levine for Plaintiff and Respondent.

## OPINION

**O'LEARY, J.**—Avaris Capital, Inc. (Avaris), appeals from an order setting aside its own default and the $342,728.77 default judgment against it obtained by Julius Schifaugh IV Consulting Services, Inc. (Schifaugh). The default judgment was void as beyond the trial court's jurisdiction because it was in excess of the amount demanded in the complaint. Avaris contends in such situations the exclusive remedy available to the trial court is to reduce the default judgment to the amount pled in the complaint. We disagree and affirm the order.

### FACTS

Schifaugh filed a complaint against Avaris for breach of contract and money owed. The complaint alleged Schifaugh and Avaris entered into an agreement whereby Schifaugh would assist Avaris by locating personnel for programming assignments. Schifaugh would be paid 10 percent of the annual salary of each employee it placed with Avaris, not to exceed $6,000 per placement. Avaris failed to pay Schifaugh $6,000 owed for two specific employees placed by Schifaugh. Additionally, Avaris hired other employees introduced to it by Schifaugh, but refused to pay Schifaugh the earned placement fees "in an amount not presently known by [Schifaugh] but which . . . exceeds the jurisdictional minimum of this court . . ." (i.e., $25,000).

After Avaris failed to answer the complaint, its default was entered on November 7, 2006. On June 1, 2007, a default judgment was entered against Avaris for damages of $276,600, plus prejudgment interest, attorney fees, and costs—a total judgment of $342,728.77. Avaris filed a motion for an order reducing the default judgment to $6,000. In the alternative, Avaris requested the default judgment be vacated in its entirety.[1] In its opposition and supplemental reply papers, Avaris argued the court was without jurisdiction to set aside the default judgment in its entirety, and it could only reduce the default judgment to the amount pleaded in the complaint.

The trial court vacated the default judgment in its entirety and vacated the underlying default. It gave Schifaugh leave to amend his complaint to specifically allege the amount of damages he claimed to have suffered, and directed the new complaint be served on Avaris. Avaris appeals from the order setting aside the default and the default judgment.

---

[1] In its motion, Avaris attached documents indicating a prior complaint filed by Schifaugh on the same allegations had been dismissed without prejudice and the matter sent to arbitration. The arbitration never took place, Avaris went out of business, and Schifaugh filed the new action.

## DISCUSSION

■ Code of Civil Procedure section 580, subdivision (a), provides "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ." "The primary purpose of this section is to insure that defendants in cases which involve a default judgment have adequate notice of the judgments that may be taken against them. [Citation.]" (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915] (*Becker*).) " 'If a judgment other than that which is demanded is taken against him, [the defendant] has been deprived of his day in court—a right to a hearing on the matter adjudicated.' [Citations.]" (*Ibid.*)

Here, the only specific dollar amount mentioned in Schifaugh's complaint was $6,000, but the complaint also referred to damages suffered in excess of the court's jurisdictional minimum. Thus, the original complaint put Avaris on notice that at a minimum Schifaugh claimed damages of $25,000. Accordingly, the amount of damages awarded in excess of the demand was outside of the trial court's jurisdiction under Code of Civil Procedure section 580, and the original default judgment was void as to any amount over that. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 830 [231 Cal.Rptr. 220, 726 P.2d 1295] (*Greenup*); *Becker, supra,* 27 Cal.3d at p. 494.)

■ When a default judgment in excess of the amount demanded in the complaint has been entered, the defendant generally may challenge the judgment by (1) filing in the trial court a motion to vacate the judgment or a motion for new trial; or (2) appealing from the judgment. (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1745 [33 Cal.Rptr.2d 391] (*Ostling*).) Avaris filed its motion in the trial court to reduce the default judgment to the amount demanded in Schifaugh's complaint, or in the alternative to vacate the judgment in its entirety. It now complains the trial court improperly vacated the default judgment. Avaris argues the trial court lacked authority to set aside Avaris's default and permit Schifaugh to file an amended complaint. It argues the trial court only had jurisdiction to reduce the default judgment to the $6,000 amount specifically mentioned in the complaint. We reject Avaris's assertion.

Avaris relies on the following statement in *Ostling, supra,* 27 Cal.App.4th at page 1743, in support of its contention: "Ordinarily when a judgment is vacated on the ground the damages awarded exceeded those pled, the

appropriate action is to modify the judgment to the maximum amount warranted by the complaint. [Citations.]" From this isolated statement, Avaris takes the leap that a trial court *may never* vacate an excessive default judgment and permit the plaintiff to amend the complaint.

We do not agree that *Ostling* hobbles the trial court as Avaris suggests. *Ostling* was a case in a different procedural posture. In that case, the trial court vacated the default judgment as excessive and then over the *plaintiffs' objections* vacated the underlying default as well, putting the entire case back at issue. (*Ostling, supra*, 27 Cal.App.4th at p. 1740.) On the *plaintiffs'* appeal challenging the order setting aside the defendant's default, the defendant argued that by proving up damages in excess of those demanded in the complaint, the plaintiffs had effected a de facto amendment of the complaint, which in turn automatically relieved the defendant of his default, entitling him to file an answer. The *Ostling* court rejected the de facto amendment theory, concluding that setting aside the judgment did not vacate the underlying default itself and a new default judgment in the amount demanded in the complaint could be entered. (*Id.* at pp. 1743–1748.) But *Ostling* did not speak to whether a trial court could, upon vacating the default judgment, permit a plaintiff to amend the complaint—thereby vacating the underlying default.

*Greenup, supra*, 42 Cal.3d at page 830, supports the conclusion the trial court has discretion to allow a plaintiff the option of either accepting a reduced judgment or amending the complaint and putting the entire matter back at issue. Such a procedure does not implicate a defendant's due process rights as the defendant is now put on formal notice of the amount of damages sought, can answer the amended complaint, and can have his day in court. In *Greenup*, the Supreme Court held a default judgment entered as a discovery sanction is subject to Code of Civil Procedure section 580. Accordingly, the default judgment entered in excess of the amount demanded in the plaintiff's complaint was beyond the trial court's jurisdiction and had to be reduced. But the court concluded in the interests of fairness, the plaintiff "should be allowed to choose to forego the reduced award prescribed herein and instead to file an amended complaint praying for a different amount of damages and/or other appropriate relief. If she so elects, she must serve her amended complaint on defendants, who will be entitled to file a new answer; all issues will then be at large, including liability." (42 Cal.3d at p. 830.)

Similarly, in *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161 [36 Cal.Rptr.3d 663] (*Electronic Funds Solutions*), a different panel of this court held a statement of damages served by the plaintiff on the defendant in a nonpersonal injury/wrongful death action did not put the defendant on notice of the amount of compensatory damages that might be awarded against it in the event of a default. Accordingly, a default

judgment (entered after the defendant's answer was stricken as a discovery sanction) in excess of the amount demanded in the complaint was void. The court observed that ordinarily *on appeal* we would simply reduce the judgment to the amount specifically requested in the complaint. But the default judgment had to be reversed for other reasons—the trial court also applied the wrong measure of damages at the default prove-up. (*Id.* at p. 1177.) The court observed that vacating a default judgment would not ordinarily vacate the underlying default as well, leaving the trial court free to enter a new default judgment within the limits set by the complaint once the proper measure of damages was applied. But, "[i]n the interest of fairness, plaintiffs should have the option of either proceeding with a new default prove-up with the $50,000 damage limitation, or amending the complaint to state the full amount of damages they seek. [Citation.] If plaintiffs select the latter option, the default will be vacated, entitling defendants to either attack the pleadings, or answer the amended complaint. [Citation.]" (*Ibid.*)

Avaris suggests *Greenup* and *Electronic Funds Solutions* only allowed the plaintiffs to amend their complaints because the cases involved either new or relatively new rules of law about which the plaintiffs or the trial courts might not have been aware. But the fact that in both cases the courts permitted the remedy of allowing the plaintiffs to file an amended complaint, thereby setting aside the default and putting the entire matter back at issue, refutes Avaris's contention the trial court has no authority to permit such a procedure. Indeed, *Greenup* specifically stated that rather than apply the usual appellate remedy of simply reducing the judgment, it would remand because "both plaintiff and the trial court may have been unaware that the deficiency in her prayer could have been corrected *in the same way as in cases of default for failure to answer, i.e., by giving plaintiff the option of serving and filing an amended complaint.*" (*Greenup, supra,* 42 Cal.3d at p. 830, italics added.)

 In passing, Avaris also asserts the trial court lacked authority to vacate Avaris's default because Schifaugh did not file a motion under Code of Civil Procedure section 473. The short answer is that Avaris filed a motion to either reduce or vacate the default judgment. The trial court did the latter. Once it did so, it could permit Schifaugh to file an amended complaint, and such an amendment necessarily opened up the underlying default. (*Ostling, supra,* 27 Cal.App.4th at p. 1744.) Avaris has not shown the trial court abused its discretion.

## DISPOSITION

The order is affirmed. Respondent is awarded its costs on appeal.

Bedsworth, Acting P. J., and Moore, J., concurred.