Filed 7/22/14  Lawson-Hawks Ins., Inc. v. McVey Ins. Broker, Inc. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| LAWSON-HAWKS INSURANCE, INC., | H038466 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CV144477) |
| v. | |
| MCVEY INSURANCE BROKER, INC., et al., | |
| Defendants and Appellants. | |

## I.  INTRODUCTION

Respondent Lawson-Hawks Insurance, Inc. (LHI) employed Meyer Komar as an insurance agent for several years.  After discovering that Komar[1] was also working for appellant McVey Insurance Broker, Inc. (McVey Broker), LHI filed this action alleging that Komar had used LHI's confidential and trade secret information to solicit LHI's customers for McVey Broker.  LHI later amended the complaint to substitute appellants McVey Insurance Agency (McVey Agency), Pamela Jean Stephens, and James Paul McVey for three Doe defendants.

The trial court subsequently entered the defaults of defendants McVey Broker, McVey Agency, Stephens, and James Paul McVey (hereafter James McVey).  A prove-up hearing was held and on April 24, 2012, the trial court entered a default judgment in

---

[1] Komar is not a party to this appeal.

LHI's favor. The default judgment awarded LHI compensatory damages of $25,000 against each defendant, attorney's fees of $144,033, and costs of $16,497. The trial court subsequently modified the April 24, 2012 judgment to award total compensatory damages of $25,000.

On appeal, defendants contend that the default judgment must be reversed because the factual allegations in the complaint are insufficient to constitute a cause of action against them. Defendants argued for the first time at oral argument that the complaint's allegations were also insufficient for an award of damages upon default. Alternatively, McVey Broker conceded, also for the first time on appeal, that if the damages allegations were sufficient, it was liable for the award of $25,000 in compensatory damages. McVey Broker maintained its challenge to the award of attorney's fees.

For reasons that we will explain, we conclude that (1) the complaint fails to state a cause of action against defendants McVey Agency, Stephens, and James McVey; (2) defendant McVey Broker waived its challenge to the sufficiency of the damages allegations in the complaint; (3) McVey Broker has conceded its liability for the $25,000 award of compensatory damages; and (4) in light of these rulings, remand to the trial court for reconsideration of the award of attorney's fees and costs is warranted. Accordingly, we will reverse the judgment and remand the matter for further proceedings. On remand, the trial court is directed to enter a default judgment against McVey Broker in the amount of $25,000 and, upon plaintiff's motion, to reconsider the award of attorney's fees.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Complaint*

LHI describes itself as "a licensed full-line insurance agency/broker production firm engaged in the business of transacting and managing insurance and insurance programs in all lines of coverage for both individuals and commercial enterprises." LHI is based in Mountain View, California.

2

In June 2009 LHI filed a complaint naming Komar and McVey Broker as defendants. The complaint also included fictitiously named Doe defendants. LHI alleged "that at all times mentioned each of the Defendants was an agent, employee, or fiduciary of each of the other Defendants, and in doing the things hereinafter alleged, was acting as the agent of the other within the course and scope of such agency, employment or fiduciary relationship. Plaintiff prays for leave to amend this Complaint properly and charge each such defendant when all necessary facts have been alleged."

According to the complaint's allegations, Komar is an insurance agent who signed an employment agreement with LHI in September 2000 and had access to "LHI's confidential and trade secret information." The employment agreement prohibited Komar from (1) "using LHI's confidential and trade secret information to solicit LHI's clients;" (2) "notifying any account or customer of his termination with LHI for 90 days following his termination;" and (3) "engaging in any activity that competes with the interest of LHI."

On June 3, 2009, LHI learned that Komar "was working at" McVey Broker in Santa Clara, California while he was employed by LHI. LHI was informed and believed that Komar had "revealed and divulged confidential information and trade secret information to others" and "has and continues to solicit customers of LHI for the benefit of" McVey Broker and others.

The causes of action asserted against Komar individually included breach of contract, breach of fiduciary duty and duty of loyalty, and conversion. The causes of action asserted against both Komar and McVey Broker included intentional interference with contractual relations, negligent interference with contractual relations, violation of Civil Code section 3426.1, subdivision (d) (misappropriation of trade secrets), and violation of Business and Professions Code section 17200 (unfair competition).

In October 2010 LHI filed an amendment to the complaint substituting McVey Agency for Doe 1, Stephens for Doe 2, and James McVey for Doe 3. LHI did not add any factual allegations or amend the complaint in any other respect.

**B.** *Requests for Entry of Default and Default Judgment*

In December 2010 LHI filed requests for entry of the defaults of defendants McVey Agency, Stephens, and James McVey, who had not responded to the complaint. The trial court entered their defaults on December 8, 2010. Defendant McVey Broker answered the complaint, but its answer was later stricken for nonappearance. LHI filed a request for entry of McVey Broker's default and on April 15, 2011, the trial court entered the default.

In January 2012, LHI requested a court judgment against McVey Broker, McVey Agency, Stephens, and James McVey in the total amount of $185,530, which included the complaint's demand of $25,000, costs of $16,497, and attorney's fees of $144,033. In support of its request for a court judgment, LHI submitted several declarations, a memorandum of points and authorities, and a memorandum of costs.

LHI's attorney, Steven L. Roycraft, attached excerpts of the depositions of Komar and Stephens to his declaration. According to Roycroft, the deposition testimony showed the following. Defendants McVey Broker, McVey Agency, Stephens, and James McVey all worked "for the same entity." Defendants knew that Komar had entered into an independent contractor agreement with them while he was still employed by LHI, and they did not contact LHI to find out whether it "objected to Komar writing accounts through the McVey Defendants while Komar was still employed by [LHI]." Komar continued to solicit LHI accounts for defendants after his employment with LHI was terminated. Additionally, Roycroft attached documents to his declaration to support LHI's claim that Komar had received more than $100,000 in commissions for "accounts written by Komar for the McVey Defendants after Komar was terminated."

4

LHI's senior vice president, Jon Hilgers, stated in his declaration that Komar was employed by LHI under a producer employment agreement from 2000 until his termination in 2009.  The producer employment agreement prohibited Komar "from writing insurance through another insurance agency while employed by [LHI]," and included provisions regarding the nondisclosure of LHI's trade secrets and confidential information.  Hilgers asserted that Komar's solicitation of clients and former clients of LHI "necessarily involved the misappropriation of [LHI's] trade secrets."  Hilgers also stated that "[t]he McVey Defendants knowingly, willfully and maliciously used and misappropriated [LHI's] [t]rade secrets by permitting Komar to solicit [LHI's] current and former accounts on behalf of the McVey Defendants both while Komar was still employed by [LHI] and after Komar was terminated."  Hilgers calculated that the damages that LHI had sustained due to "the misconduct of the McVey Defendants" totaled $1,492,249.51.

LHI's attorney, Gregory R. de la Pena, submitted a declaration in support of LHI's request for attorney's fees and expert witness fees.  He asserted that LHI was entitled to recover attorney's fees and expert witness fees under Civil Code section 3426.4 "because the McVey Defendants willfully and maliciously misappropriated [LHI's] trade secrets."

LHI's memorandum of points and authorities stated that LHI requested a default judgment in the amount of $25,000 against each defendant (excluding Komar).  LHI explained that it requested $25,000, although its actual damages far exceeded that amount, because the complaint did not specify the amount of money damages sought in excess of the $25,000 jurisdictional minimum.  LHI also argued that it had made a prima facie showing as to each cause of action, as set forth in the complaint, the declarations, the deposition testimony, and the related exhibits.

## C. *Default Prove-Up Hearing*

The default prove-up hearing was held in March 2012.  The hearing proceeded by way of offers of proof by LHI's attorney.  Among other things, LHI's attorney asserted

5

that an investigation by Hilgers, LHI's senior vice president, and John Miller, LHI's CEO, showed that McVey Broker had knowingly, willfully, and intentionally hired Komar as an independent contractor and utilized LHI's trade secret and confidential information to take clients from LHI. The defendants also contacted LHI's clients, thereby interfering with the clients' relationships with LHI and causing some of them to decide not to do business with either LHI or defendants.

LHI's attorney further stated in the offer of proof that Hilgers adopted the statements in his declaration regarding damages. Both Miller and Hilgers answered affirmatively when asked whether the facts and circumstances that LHI's attorney had told the court in the offer of proof were correct. LHI's attorney then argued that LHI was entitled to an award of attorney's fees under Business and Professions Code section 17200 and the "Trade Secrets Act."

On April 24, 2012, the trial court entered a default judgment in favor of LHI and against defendants McVey Broker, McVey Agency, Stephens, and James McVey. The judgment states in part: "The Court finds that the pleadings, documents and evidence submitted establish a prima facie case of liability and damages against Defendants . . . . The Court concludes that plaintiff has proven that plaintiff sustained damages in the amount of $1 million and that those damages were proximately caused by the conduct of Defendants . . . . [¶] The Court further finds that the $1 million damage award shall be reduced by the amount of the confidential settlement between plaintiff and Defendant Meyer Komar. [¶] The Court further finds that, because the complaint did not state an amount of damages that were sought, the amount of damages that can be recovered from each defendant is limited to the minimum jurisdictional amount of the Superior Court, which is $25,000. The amount of damages awarded to plaintiff against each defendant is thus reduced to $25,000."

6

Finding that LHI had proven that it was entitled to an award of costs and attorney's fees, the trial court awarded attorney's fees in the amount of $144,033 and costs of $16,497, as requested in the memorandum of costs.

### D. *Postjudgment Motions*

#### 1. Postjudgment Motion to Vacate the Default Judgment

Defendants filed a postjudgment motion to vacate the default judgment in which they argued that the court had improperly awarded LHI the sum of $25,000 against each defendant although the complaint alleged that the defendants were jointly liable. Defendants also argued that LHI was not entitled to an award of attorney's fees because LHI had not recovered a net monetary sum and therefore LHI was not the prevailing party for purposes of an award of attorney's fees. Defendants explained that when the $25,000 award was offset by the much greater amount of Komar's settlement with LHI, the result was a zero judgment. Accordingly, defendants requested that a new judgment be entered with a net amount of zero. LHI opposed the motion to vacate the judgment.

On May 23, 2012, the trial court entered its order granting in part defendants' motion to vacate the judgment. The court struck the prior award of $25,000 against each defendant individually and modified the April 24, 2012 judgment "so that the total compensatory damages awarded to plaintiff from all of the Defendants is the amount of $25,000." However, the court rejected defendants' request to set aside the award of attorney's fees and costs, finding that "Civil Code section 3426.4 [trade secret misappropriation] provides for an award of attorneys fees and expert witness fees and that the evidence presented at the default prove up hearing was sufficient to establish a prima facie showing that those fees were reasonably and necessarily incurred as a result of the willful and malicious conduct of these Defendants." The court also determined that the complaint had provided adequate notice to defendants of their potential liability for attorney's fees and costs, since the complaint had requested attorney's fees against all

7

defendants, had also alleged that Komar had acted willfully and maliciously, and had included general allegations of mutual agency.

## 2. Postjudgment Motion to Void Default Judgment

Next, defendants filed a postjudgment motion "to Deem Claims Extinguished and Released and the Resulting Judgment Void." The basis for the motion was LHI's contention that since LHI had failed to seek a court determination that its settlement with Komar was made in good faith, the " 'Common Law Release Rule' " applied. According to LHI, under the "Common Law Release Rule" the release of one tortfeasor, Komar, operated as a release of all tortfeasors, that is, the remaining defendants. For that reason, defendants argued that the judgment against them was void.

LHI responded to the motion by filing a motion for good faith settlement and points and authorities in opposition to the postjudgment motion. In the motion for good faith settlement under Code of Civil Procedure sections 877 and 877.6, LHI argued that its settlement with Komar was made in good faith because the settlement was proportionate to Komar's liability, Komar lacked substantial assets, and there had been no collusion in reaching the settlement agreement. In opposition to the motion to void the default judgment, LHI contended that defendants improperly sought reconsideration of their prior motion to vacate the judgment. Alternatively, defendants contended that Komar was not a joint tortfeasor and, in any event, the " 'release rule' " was no longer the law in California.

The trial court denied both motions in its June 22, 2012 order. The court found that LHI's motion for good faith settlement was untimely under Code of Civil Procedure sections 877, subdivision (a) and 877.6. As to defendants' postjudgment motion to deem the default judgment void, the court determined that "defendants are 'out of court' [by] virtue of the default previously entered against them."

8

### III. DISCUSSION

Defendants filed a notice of appeal from the April 24, 2012 judgment, the May 23, 2012 order, and the June 22, 2012 order.  In their appellate briefs, defendants argue that the judgment must be reversed because the complaint failed to state sufficient facts to establish any cause of action against defendants.  Alternatively, defendants argue that even assuming the factual allegations were sufficient for liability, the complaint did not include facts sufficient to provide notice to defendants that they were potentially liable for an award of attorney's fees under Civil Code section 3426.4.

We will begin our analysis with an overview of the appealability of a default judgment, the issues that may be raised on appeal, and the applicable standard of review.

#### A.  *Appeal of a Default Judgment*

Under the procedure set forth in Code of Civil Procedure section 585, a judgment on default may be entered where, as here, a defendant fails to answer the complaint.  (See *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 287 (*Kim*).)  The default judgment is appealable.  (*Bristol Convalescent Hospital v. Stone* (1968) 258 Cal.App.2d 848, 858-859.)

The issues that a defendant may properly raise in an appeal from a default judgment are limited, but include the sufficiency of the pleading.  (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 824.)  "Generally, a defendant in default 'confesses the material allegations of the complaint.  [Citation.]'  [Citation.] Nonetheless, the trial court may not enter a default judgment when the complaint's allegations do not state a cause of action.  [Citations.]  No judgment can rest on such a complaint, as a defendant in default ' "admits only facts that are well pleaded." ' [Citations.]"  (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392 (*Los Defensores*).)

Thus, "[o]ur inquiry here into the complaint's adequacy is akin to that triggered by a general demurrer, namely, whether the complaint lacks factual allegations indispensable

9

to the asserted claims. [Citations.] A court must indulge reasonable inferences in support of the factual allegations in the complaint; mere uncertainties and other defects subject to a special demurrer do not bar a default judgment against the defendant. [Citations.] Nonetheless, the absence of essential factual allegations is fatal to a [default] judgment against the defendant. [Citation.]" (*Los Defensores*, *supra*, 223 Cal.App.4th at pp. 392-393.) Accordingly, where the defaulting defendant argues on appeal from a default judgment that the complaint does not state facts sufficient to constitute a cause of action, our standard of review is de novo. (See, e.g., *La Grill v. Mallard* (1891) 90 Cal. 373, 374.)

With the standard of review in mind, we turn first to the contention of defendants McVey Agency, Stephens, and James McVey that the complaint fails to state facts sufficient to constitute a cause of action against them.

**B.** *Defendants McVey Agency, Stephens, and James McVey*

On appeal, defendants McVey Agency, Stephens, and James McVey contend that the complaint contains no factual allegations on which their liability may be based. Defendants point out that the complaint alleges only that they, as former Doe defendants, were acting as the agents, employees, or fiduciaries of the other defendants and seeks leave to "charge each such defendant when all necessary facts have been alleged." (Italics omitted.) Relying on the decision in *Falahati v. Kondo* (2005) 127 Cal.App.4th 823 (*Falahati*) defendants argue that the judgment against them should be reversed since, in the absence of any factual allegations against them in the body of the complaint, their defaults did not admit any facts sufficient for liability.

LHI responds in its opening brief that the complaint should be liberally construed to adequately allege causes of action against defendants McVey Agency, Stephens, and James McVey, since the complaint asserts that "they were at all times acting as the agents of McVey Broker and Komar."

10

The California Supreme Court has ruled that in the pleading context, an allegation of the existence of an agency relationship is deemed an allegation of ultimate fact that must be accepted as true. (*Skopp v. Weaver* (1976) 16 Cal.3d 432, 436-437 (*Skopp*).) It has also been held that an allegation that acts were committed within the scope of the agency is "sufficient with respect to the right to recover compensatory damages." (*Kiseskey v. Carpenters' Trust for So. California* (1983) 144 Cal.App.3d 222, 230 [complaint stated sufficient facts for intentional infliction of emotional distress claim against defendant labor union whose alleged agent made death threats to plaintiff].)

In the present case, the agency allegations in the complaint are sufficient to establish an agency relationship between Komar, McVey Broker, McVey Agency, Stephens, and James McVey. (See *Skopp*, *supra*, 16 Cal.3d at pp. 436-437.) However, our review of the complaint shows that LHI did not allege in its complaint that any Doe defendant committed an act within the scope of their agency relationship. The only defendants who are alleged to have committed any acts are Komar and McVey Broker. For example, the cause of action for intentional interference with contractual relations alleges only that "KOMAR and MCVEY [BROKER] disrupted LHI's business relationships by wrongfully using Plaintiff's confidential and trade secret information . . . ."

The other causes of action in the complaint similarly allege acts by defendants Komar and McVey Broker and do not mention the Doe defendants. Although LHI amended the complaint to substitute defendants McVey Agency, Stephens, and James McVey for Doe defendants, LHI did not further amend the complaint to allege that these former Doe defendants had committed acts of any kind, let alone any acts within the scope of their agency relationship. Therefore, the complaint alleges no facts that would constitute a cause of action against McVey Agency, Stephens, or James McVey as the agents of Komar and/or McVey Broker.

11

At oral argument, LHI's counsel contended that the boilerplate allegations that each Doe defendant "was an agent, employee, or fiduciary of each of the other Defendants, and in doing the things hereinafter alleged, was acting as the agent of the other within the course and scope of such agency, employment or fiduciary relationship" are also sufficient to allege the former Doe defendants' vicarious liability as the employers of Komar.

The decision in *Falahati* is instructive with respect to our analysis of the adequacy of the boilerplate allegations of an employment relationship between the defendants.  In *Falahati*, the plaintiffs filed a notice of errata stating that the omission of defendant Shinji Kondo from the caption of the complaint was a typographical error and " 'the pleading should be regarded as if the words had never been left out. ' " (*Falahati*, *supra*, 127 Cal.App.4th at p. 827.)  However, the plaintiffs "did not amend the complaint to allege Kondo engaged in any conduct causing them damage." (*Ibid*.)  Kondo's motion to set aside the default judgment entered against him was denied.  He appealed and the appellate court ruled that the default judgment must be set aside.  (*Id*. at p. 828.)

The appellate court in *Falahati* determined that "[a]though the [third amended] complaint contains a boilerplate allegation [that] each defendant was the agent and employee of the others and contains some charging allegations respecting 'defendants and each of them' these allegations do not result in the complaint stating a cause of action against Kondo because he is nowhere mentioned in the body of the complaint.  Adding Kondo's name to the caption of the complaint added nothing to plaintiffs' causes of action because 'the caption of the complaint constitutes no part of the statement of the cause of action[.]' " (*Falahati*, *supra*, 127 Cal.App.4th at p. 829, fn. omitted.)  The court further determined that "[b]ecause the third amended complaint alleged no facts with respect to Kondo, there were no facts for Kondo to admit." (*Ibid*.)

The present case is similar to *Falahati*.  Although LHI amended the original complaint by substituting defendants McVey Agency, Stephens, and James McVey for

three Doe defendants, LHI did not further amend the complaint to allege any facts with respect to McVey Agency, Stephens, and James McVey. Moreover, the original complaint did not allege any facts with respect to the Doe defendants. The only defendants mentioned in the body of the complaint are Komar and McVey Broker. Thus, there were no facts alleged in the complaint that defendants McVey Agency, Stephens, and James McVey could admit by defaulting. (See *Falahati*, *supra*, 127 Cal.App.4th at p. 829; *Los Defensores*, *supra*, 223 Cal.App.4th at pp. 392-393.) In the absence of any well pleaded factual allegations, the complaint fails to state a cause of action against defendants McVey Agency, Stephens, and James McVey. (See *Los Defensores*, *supra*, 223 Cal.App.4th at pp. 392-393.)

According to LHI, the decision in *Falahati*, *supra*, 127 Cal.App.4th 823 is distinguishable and does not support defendants' contention of inadequate pleading because the defaulting defendant in *Falahati* was only mentioned in the caption of the complaint. However, as we have discussed, in this case the defaulting defendants McVey Agency, Stephens, and James McVey are similarly not mentioned in the complaint. LHI also argues that the deposition testimony of Stephens includes her admission that she knew Komar was employed by LHI when she "entered into an obviously competitive agreement with Komar" and chose not to contact LHI to "seek permission for the viscerally improper relationship she had agreed to create for Komar."

To the extent LHI argues that the deposition testimony of Stephens or other evidence presented in connection with the prove-up hearing are sufficient for a prima facie cause of action against defendants McVey Agency, Stephens, and James McVey, we disagree. It is well established that "where a complaint does not state a cause of action or where it shows no grounds for relief, the default of the defendant does not improve it, because, as stated in *Williams v. Foss* [1924]*, 69 Cal.App. 705[,707-708]: 'The default admitted nothing more than was alleged in the complaint. Under such circumstances, the fact that before entering the judgment the court received some

13

evidence does not put the case on the basis of an action tried upon complaint and answer, wherein, as sometimes happens, the court hears evidence relating to an essential fact which had been omitted from the complaint.' [Citations.]" (*Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 409 (*Taliaferro*).)

For these reasons, we determine that the complaint does not state a cause of action against McVey Agency, Stephens, and James McVey, and, therefore, the default judgment must be reversed as to those defendants. (See *Los Defensores*, *supra*, 223 Cal.App.4th at pp. 392-393.)

### C. *Defendant McVey Broker*

In his opening and reply briefs, defendant McVey Broker contended that the complaint does not contain factual allegations that are adequate to state a cause of action against it and therefore the judgment should be reversed.

At oral argument, McVey Broker's counsel argued, for the first time on appeal, that the complaint's damages allegations were insufficient for an award of compensatory damages upon default. The California Supreme Court has instructed that "[a]n appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived. [Citation.]" (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356.) McVey Broker has therefore waived the issue of whether the complaint's damages allegations were sufficient for an award of compensatory damages upon default.[2]

Also at oral argument, McVey Broker's counsel stated that if this court did not reach the issue of the sufficiency of the damages allegations, then McVey Broker admitted liability for the default judgment of $25,000. This court has stated: " '[W]hile

---

[2] We note, however, that it has been held that where, as here, the complaint expressly demands damages in an amount in excess of the superior court's jurisdiction, the default judgment may not exceed $25,000. (*Julius Schifaugh IV Consulting Serivces, Inc. v. Avaris Capital, Inc.* (2008) 164 Cal.App.4th 1393, 1396; see also *Greenup v. Rodman* (1986) 42 Cal.3d 822, 830.)

briefs and argument are outside the record, they are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.' [Citation.]" (*DeRose v. Carswell* (1987) 196 Cal.App.3d 1011, 1019, fn. 3; see also *Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1152 [same]; *Borgonovo v. Henderson* (1960) 182 Cal.App.2d 220, 234 [appellants' admission at oral argument that judgment not questioned]; *South v. County of San Benito* (1919) 40 Cal.App. 13, 19 [respondent's counsel admitted at oral argument there was no cause of action].) In light of McVey Broker's concession at oral argument that it is liable for the $25,000 default judgment, we need not address the issues raised in its appellate briefs as to whether the complaint contains factual allegations that are adequate to state a cause of action against McVey Broker.

Since McVey Broker has maintained its challenge to the award of attorney's fees, we turn to our analysis of that issue.

### D. *Attorney's Fees*

The trial court granted LHI's request for an award of attorney's fees under Civil Code section 3426.4[3] on the ground that defendants had "willfully and maliciously misappropriated [LHI's] trade secrets." The April 24, 2012 judgment awarded attorney's fees in the amount of $144,033.

In its May 23, 2012 order on defendants' postjudgment motion to vacate the default judgment, the trial court rejected defendants' contention that the complaint did not provide adequate notice of their potential liability for attorney's fees. The court found that the allegations in the complaint, combined with the prayer requesting an award

---

[3] All statutory references hereafter are to the Civil Code unless otherwise indicated.

of attorney's fees, were sufficient to provide notice of defendants' exposure to attorney's fees.

On appeal, defendants argue that the trial court erred because (1) the complaint did not provide notice of defendants' potential exposure for attorney's fees; (2) the complaint's allegations were insufficient for a cause of action for misappropriation of trade secrets under section 3426.4; (3) the evidence submitted at the prove-up hearing was insufficient to support the award of attorney's fees because there was no showing that defendants willfully and maliciously misappropriated LHI's trade secrets; and (4) defendants did not litigate the case, did not cause LHI to incur attorney's fees, and are not liable for attorney's fees incurred by LHI in its litigation with Komar.

In response, LHI explains that the attorney's fees were reasonably incurred "because . . . Komar had not defaulted and the action therefore had to be prosecuted against him to conclusion and his defenses resolved before default judgments could be secured against the McVey Appellants."

Section 3426.4 is a provision of the Uniform Trade Secrets Act (§ 3426 et seq.) and provides in part: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party."

" 'Section 3426.4 authorizes the trial court to award attorney fees as a deterrent to specious trade secret claims. [Citation.] Because the award is a sanction, a trial court has broad discretion in awarding fees.' [Citation.] An award of attorney fees 'will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.' [Citation.]" (*SASCO v. Rosendin Electric, Inc*. (2012) 207 Cal.App.4th 837, 845.)

As a threshold matter, we consider the contention that the complaint did not notify defendants of their potential exposure to attorney's fees. To satisfy due process,

16

attorney's fees may not be awarded in connection with a default judgment unless the complaint alleges that the plaintiff is entitled to attorney's fees by statute or contract and includes a demand for attorney's fees in the prayer. (*Wiley v. Rhodes* (1990) 223 Cal.App.3d 1470, 1474; see *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 495 [attorney's fee award in default judgment reversed because the complaint did not pray for attorney's fees].) Here, our review of the complaint shows that the prayer includes a demand "[f]or reasonable attorneys' fees where authorized by statute." Since the complaint prayed for attorney's fees as authorized by statute, we determine that the complaint gave adequate notice to defendants of their potential exposure to an award of statutory attorney's fees.

However, in light of our ruling that the complaint does not state a cause of action against defendants McVey Agency, Stephens, and James McVey, we believe that a remand for the limited purpose of allowing the trial court to reconsider the award of attorney's fees is appropriate. The trial court's May 23, 2012 order rejecting defendants' postjudgment motion to set aside the award of attorney's fees indicates that the court found that the attorney's fees were "reasonably and necessarily incurred as a result of the willful and malicious conduct of these Defendants." Since we have determined that the default judgment must be reversed as to defendants McVey Agency, Stephens, and James McVey, and defendant McVey Broker has admitted liability for the damages award of $25,000, the only defendant remaining with potential liability for attorney's fees is McVey Broker.

We will therefore reverse the April 24, 2012 judgment and remand the matter for further proceedings. On remand, the trial court is directed to enter a default judgment against McVey Broker in the amount of $25,000 and, upon plaintiff's motion, to reconsider the award of attorney's fees.

17

## IV. DISPOSITION

The April 24, 2012 judgment is reversed. The matter is remanded to the trial court with directions to (1) enter a default judgment against defendant McVey Broker in the amount of $25,000; and (2) upon plaintiff's motion, reconsider the award of attorney's fees. The parties shall bear their own costs on appeal.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
GROVER, J.

18