Filed 11/17/14  Gutierrez-Hernandez v. McGills Warehouse CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EMMANUEL GUTIERREZ-HERNANDEZ et al., | B252686 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC459067) |
| v. | |
| MCGILLS WAREHOUSE, INC. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert L. Hess, Judge.  Affirmed in part; reversed in part with directions.

Gary Rand and Suzanne E. Rand-Lewis for Plaintiffs and Respondents.

Donald C. Gallagher for Defendants and Appellants.

## I.  INTRODUCTION

Defendants, McGills Warehouse, Inc. and Donald C. Gallagher, appeal from sanction orders and an October 10, 2013 default judgment entered in favor of plaintiffs, Emmanuel Gutierrez-Hernandez (plaintiff) and Maria Gutierrez.  In addition, defendants challenge the orders denying their motions for reconsideration and relief from the default judgment.  We modify the judgment.

## II.  BACKGROUND

### A.  Pleadings

On April 18, 2011, plaintiff and his wife filed a complaint against defendants for: contract breach; implied covenant of good faith and fair dealing breach; wrongful termination in violation of public policy; intentional emotional distress infliction; violation of Business and Professions Code section 17200; violation of the Consumer Legal Remedies Act; intentional and negligent misrepresentation; concealment; disability discrimination and retaliation in violation of Government Code section 12900 et seq.; and consortium loss.  The complaint alleges plaintiff was a former employee of McGills Warehouse, Inc.  McGills Warehouse, Inc. is an importer and exporter that sells tools and miscellaneous items online.  Mr. Gallagher owned the business.  A co-defendant, Tesson Walker, was McGills Warehouse, Inc.'s manager.

On September 7, 2008, plaintiff began his employment as a shipper and receiver. The complaint alleges plaintiff entered into an oral employment contract with McGills Warehouse, Inc. on September 7, 2008.  Defendants allegedly promised plaintiff that they would not act arbitrarily and his employment would not be terminated except for good cause or reason.

In March 2009, plaintiff seriously injured his finger.  Plaintiff received a doctor's note.  The note stated he would be unable to work from March 27 to May 1, 2009

because of his injury. While on leave, plaintiff kept defendants informed of his medical progress. On April 30, 2009, plaintiff received a letter signed by Mr. Walker. Plaintiff expected to return to work the next day, May 1, 2009. Mr. Walker's letter stated, "This letter is to inform you that your position at McGills Warehouse has been replaced due to your personal injury that preventing [sic] you to perform your duty for a length of time." In August and September 2009, plaintiff was denied access to his employment records. The complaint further alleges: McGills Warehouse, Inc. breached the oral employment contract by retaliating against plaintiff and terminating him without good cause; defendants breached the covenant of good faith and fair dealing by terminating plaintiff's employment in bad faith; defendants violated the Consumer Legal Remedies Act through unfair and deceptive practices by marketing itself as a "family business"; had plaintiff's co-workers and customers known of defendants' mistreatment of him, they would not have continued to work for or purchased items from McGills Warehouse, Inc.; defendants failed to provide a reasonable accommodation and discriminated and retaliated against plaintiff on the basis of his disability; and plaintiff suffered humiliation, mental anguish and emotional distress as a result of the wrongful termination. The complaint requests punitive, general and special damages in excess of the minimum jurisdiction of the court. A damages statement was served detailing plaintiffs' damages.

On May 10, 2011, defendants filed their answer. Mr. Walker represented himself and McGills Warehouse, Inc. Prior to July 15, 2013, Mr. Gallagher was ineligible to practice law in this state.

B. Plaintiffs' Sanctions Motions

Most of the pertinent documents which we will describe are in the respondents' appendix. Most pertinent documents, including many of the trial court's rulings, were omitted from the appellants' appendix. On May 14, 2012, plaintiffs moved for orders: compelling defendants' depositions at their expense including the costs of expedited transcripts; compelling verified responses to "all discovery" served by plaintiffs;

3

reimbursement of court reporter fees for defendants' April 6, 2012 depositions; imposing monetary sanctions against defendants; and imposing issue, evidence and terminating sanctions. On June 8, 2012, the trial court granted plaintiffs' motion to compel: verified responses to "discovery"; depositions; and document production at the deposition. In addition, the trial court imposed monetary sanctions of $1,200 upon defendants. And defendants were ordered to reimburse plaintiffs the cost of Mr. Gallagher's deposition.

On October 24, 2012, plaintiffs moved for an order imposing monetary and terminating sanctions against defendants. Plaintiffs argued monetary and terminating sanctions were warranted because defendants violated the trial court's order to mediate and comply with various civil discovery provisions. Defendants' discovery-related violations included failure to: properly verify discovery responses; meet and confer; and produce witnesses and new documents at deposition. In addition, plaintiffs asserted Mr. Gallagher improperly instructed defendants' primary witness, Susan Walker, not to answer deposition questions. Plaintiffs contended Mr. Gallagher drafted and signed all pleadings and discovery responses for all defendants even though he was not an active State Bar member.

On November 21, 2012, plaintiff's terminating sanctions motion was denied because all parties' counsel behaved badly during the depositions. However, monetary sanctions of $1,500 were imposed against Mr. Gallagher for his unjustified instruction to a witness not to answer. Also, the trial court noted Mr. Gallagher was not an active member of the State Bar yet he was improperly representing McGills Warehouse, Inc. On December 18, 2012, the trial court modified its November 21, 2012 ordering the depositions of Mr. Gallagher, Ms. Walker and Wesley Gee. The depositions were ordered to be taken in the trial court's jury room on January 9, 2013. On January 8, 2013, the trial court ordered these depositions rescheduled to February 1, 2013.

On April 24, 2013, plaintiffs moved for an order imposing monetary and terminating sanctions. Plaintiffs argued sanctions should be imposed because defendants violated the trial court's orders. Plaintiffs asserted Mr. Gallagher refused to answer deposition questions and improperly terminated his February 1, 2013 court-ordered

4

deposition. Plaintiffs also complained defendants failed to disclose "pertinent witnesses during discovery" and had submitted false declarations.

On May 16, 2013, the trial court heard argument on plaintiffs' monetary and terminating sanctions motion. On May 20, 2013, the trial court granted plaintiffs' terminating sanctions motion. The trial court found defendants failed to timely identify witnesses and documents in response to discovery. The trial court added: "Turning to Mr. Gallagher's February 1, 2013 deposition, it is utterly remarkable how much Mr. Gallagher claimed to be unable to remember. He was by turns systematically evasive and non-responsive. . . . [¶] The capstone of the deposition was Mr. Gallagher's unilateral decision to terminate it at approximately noon. Contrary to the suggestion made at oral argument, he did not seek to adjourn it for a break. His exact words were: 'The Court says we're going to terminate this deposition at 12:00 o'clock and that's what we're doing.' The Court had not made such an order, and Mr. Gallagher knew that the Court had not made such an order. This was yet another instance of deliberate obstruction of discovery."

The trial court stated: "After more than 13 years in an individual calendar civil courtroom, the Court is unable to recall a case in which a party has so persistently obstructed discovery by failures to respond, delays, improper conduct, concealment, as have these defendants. The Court finds that conduct to have been deliberate, systematic, and in bad faith. . . . [¶] Repeated admonitions from the Court, and the repeated imposition of monetary sanctions, have been utterly unsuccessful in curtailing this course of conduct. At oral argument, neither Mr. Gallagher nor Mr. Walker appeared to acknowledge any improper acts or derelictions on their part, nor any responsibility, nor did they display any contrition. Indeed, Mr. Gallagher's physical demeanor and tone of voice, and to a lesser extent that of Mr. Walker, are well described as 'defiant.' [¶] At oral argument, the Court pressed plaintiffs' counsel why terminating sanctions were required, rather than lesser sanctions such as evidence or issue sanctions. Having carefully considered the matter, the Court is persuaded that the time has now come when the consequences of defendants' conduct must come home. The trial date has been

5

repeatedly continued to allow plaintiffs to obtain the discovery necessary to allow the issues to be addressed on the merits. The revelation on February 1st that there are additional, previously undisclosed percipient witnesses and unproduced relevant documents, coupled with Mr. Gallagher's conduct at his deposition, is the final straw. [¶] For repeated and unexcused misuse of the discovery process within the meaning of [Code of Civil Procedure sections] 2023.010[, subdivisions] (d), (e), (f), and (g), the Court finds that the appropriate sanction is under [Code of Civil Procedure section] 2023.030[, subdivision] (d)(1). The answers of McGills Warehouse, Inc., Tesson Walker, and Donald Gallagher are ordered stricken, and their defaults entered forthwith. Plaintiffs shall arrange with the clerk for [a] date within 60 days for an oral default prove-up, at which plaintiffs and any other necessary witness on damages shall testify. [¶] No monetary sanctions are awarded at this time. However, following entry of judgment, plaintiffs may seek an award of attorneys fees, which may include sums sought in this motion."

## C. Defendants' Reconsideration Motion

On May 30, 2013, defendants moved for reconsideration of the May 20, 2013 order striking their answers. Defendants argued reconsideration was warranted because the trial court did not have: the certified deposition transcript that was the subject of plaintiffs' sanctions motion; their opposition to plaintiffs' motion for terminating sanctions; Mr. Gallagher's notice of unavailability; and a new declaration from Ms. Walker explaining the difference between her testimony and her prior declaration. On July 15, 2013, Mr. Gallagher became eligible to practice law during this litigation. On July 22, 2013, the trial court held a hearing and denied the reconsideration motion. The trial court ruled: "No new facts or law [was] presented, which could not have been presented at the time of the original hearing. The Court is not persuaded that the documents which had not been filed with the Court as of the last hearing date were in fact filed. The Notice of Unavailability attached as Exhibit 1 contains a proof of service

6

supposedly signed March 27, 2013, but which bears a scratched out '5/30.' This necessarily raises issues as to the [genuineness] of the documents submitted. The Court does not believe the Gee declaration to the effect these documents were filed. . . . [¶] The argument by Mr. Gallagher is that the partial transcript of the depositions on February1, 2013 is incomplete or misleading. However, Mr. Gallagher has not submitted the transcript, although he purports to quote from [the] proceedings."

## D. Default Prove-Up Hearing and Order

On July 31, 2013, a default prove-up hearing was conducted. Plaintiffs had previously served a damages statement on defendants on June 27, 2011. Plaintiffs were sworn and examined, and exhibits were received and reviewed by the trial court. The matter was then submitted.

On August 2, 2013, the trial court issued an order awarding damages to plaintiffs: "The Court finds the following elements of compensatory and statutory damages have been proved: Total wage loss, includ[ing] unpaid wages and wage loss following wrongful termination-- $9,780.00. [¶] Unpaid reimbursements for materials and expenses -- $1,255.10. [¶] Statutory penalties for failure to timely pay wages-- $885.00. [¶] Emotional distress of Mr. Gutierrez-Hernandez-- $25,000 [¶] Loss of Consortium of Ms. Gutierrez-- $10,000.00 [¶] These damages total $46,920.10." The trial court also awarded punitive damages to plaintiffs: "The Court further finds by clear and convincing evidence that defendants McGills Warehouse, Inc. and Donald Gallagher each acted with oppression, malice and fraud. The Court finds that the appropriate award of punitive damages is $15,000.00 against McGills Warehouse and the additional sum of $15,000.00 against Mr. Gallagher personally."

On October 10, 2013, judgment was entered in plaintiffs' favor. Plaintiffs were awarded $79,447.84, which included damages and prejudgment interest. In addition, plaintiffs were awarded attorney fees and costs pursuant to a post-trial motion as to all defendants.

E.  Defendants' Motion to Set Aside Default Judgment

On August 23, 2013, defendants moved to set aside the default and default judgment.  Defendants argued the default and default judgment should be set aside because of their excusable neglect in failing to file two documents with the trial court.  At a November 15, 2013 hearing, the trial court denied defendants' motion.

III.  DISCUSSION

A.  The Propriety of the Sanctions Orders

Defendants challenge the sanction orders and default judgment entered in favor of plaintiffs.  Defendants also contend default judgment is improper because the complaint fails to state causes of action.  In addition, defendants argue it was error to grant plaintiffs' terminating sanctions motion because there was no willful misconduct.  Defendants assert the trial court should have imposed lesser sanctions rather than a terminating sanction.  We review an order imposing discovery sanctions for abuse of discretion.  (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992; *Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1224.)

Defendants also argue the trial court erred in denying their reconsideration motion.  We review the trial court's ruling on a motion for reconsideration for abuse of discretion.  (*Famers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106; *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 769.)  In addition, defendants contend the trial court should have granted their motion to set aside the default judgment under Code of Civil Procedure section 473, subdivision (b).  Defendants argue they are entitled to discretionary relief under Code of Civil Procedure section 473, subdivision (b), which provides, "The court may, upon any terms as may be just, relieve a party or his or legal representative from a judgment, dismissal, order, or other proceeding taken against him

8

or her through his or her mistake, inadvertence, surprise, or excusable neglect." We review this ruling for an abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1425; *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007.)

Defendants have not provided this court with a reporter's transcript, a settled statement, or an agreed statement of the relevant hearings including: plaintiffs' motions for sanctions including terminating sanctions; defendants' motion for reconsideration; and defendants' motion to set aside the default judgment. On August 13, 2014, we requested the parties brief whether defendants' failure to designate a reporter's transcript or suitable substitute warrants affirmance based on the inadequacy of the record. On August 25, 2014, defendants filed a letter brief arguing they provided an adequate record by including in the appeal record the same documents submitted to the trial court.

A judgment is presumed to be correct and appellant has a duty to provide the reviewing court with an adequate record to demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Williams v. Russ, supra,* 167 Cal.App.4th at p. 1224; *Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494; *Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) Without a proper record, we cannot determine whether the trial court abused its discretion in issuing sanctions and denying defendants' reconsideration and relief from default judgment motions. In numerous situations, courts have refused to reach the merits of an appellant's claims because appellant failed to provide a reporter's transcript of a pertinent proceeding or a suitable substitute. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and minor consented to informal adjudication]; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [attorney fee award affirmed where trial transcript not provided]; *Estate of Fain*

(1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385 [order denying preliminary injunction dissolution affirmed based on lack of reporter's transcript]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].) Without these numerous transcripts, we cannot find any abuse of discretion occurred. The sanction orders and default judgment are affirmed.

### B. The Partial Jurisdictional Error as to the Judgment's Amount

Defendants argue the judgment's amount exceeds the damages sought by the complaint. Hence, according to defendants, the entire judgment must be reversed. Defendants are only partially correct.

There are two aspects of the judgment. First, monetary damages were awarded for: wage loss; unpaid reimbursement; and statutory penalties. The total amount of wage-related losses in the judgment totals $11,920.10. The damages statement dated June 27, 2011, alleges a $5,000 loss of earnings as a result of Mr. Gutierrez-Hernandez's personal injury claims. Further, it alleges an additional $2,000 for independent contractor work. (In the next paragraph, we explain why the personal injury claims must be affirmed in their entirety.) Thus, because the $7,000 in wage losses listed in Mr. Gutierrez-Hernandez's damages statement is attributable to his personal injury claim discussed below, it is properly included in the judgment. None of the other wage-related

10

damages awarded are fairly listed in Mr. Gutierrez-Hernandez's damages statement. Nor is a damages amount listed in the complaint. As to these other wage-related claims, the terminating sanction order and the judgment must be reversed in part. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826; *Julius Schifaugh IV Consulting Services, Inc. v. Avaris Capital, Inc.* (2008) 164 Cal.App.4th 1393, 1396.)

Thus, the judgment is reversed in part as to: $2,780 for lost income (after deducting the $7,000 listed in Mr. Gutierrez-Hernandez's damages statement); $1,255.10 for unpaid reimbursement; $885 in statutory wage related penalties; and prejudgment interest. Upon remittitur issuance, the orders granting terminating sanctions and striking defendant's answer are to be set aside in part. The trial court is to then promptly rule on the issue and evidentiary sanctions requested in plaintiffs' April 24, 2013 sanctions motion. These other forms of sanctions were rendered moot when the trial court issued its terminating sanction. Defendants' conduct has been egregious and unacceptable, nothing in this opinion may be taken as expressing a different point of view.

Second, there were personal injury, intentional emotional distress infliction and consortium loss claims. Damages for all of these claims must be affirmed. Damages statements on behalf of plaintiffs were served and those claims were properly the subject of the judgment. As to Ms. Gutierrez, the damages awarded by the court, $10,000, is below that listed in her damages statement. And, there are no grounds for setting aside the intentional emotional distress award in Mr. Gutierrez-Hernandez's favor. It was a stand-alone claim in the fourth cause of action and was covered by the damages statement. The damages statement listed $250,000 in emotional distress damages on behalf of Mr. Gutierrez-Hernandez. The judgment only awards $25,000 in emotional distress damages to Mr. Gutierrez-Hernandez. And there is a separate claim in the prayer for relief for "emotional distress and other economic and non-economic losses" sustained by plaintiffs. (See *Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 432.) This is in addition to the two separate $15,000 punitive damages awards imposed on Mr. Gallagher and McGills Warehouse, Inc. Further, defendants' refusal to provide a proper record of the prove-up hearing bars any contention any challenged claims are not a personal injury

11

action or closely related to one. (See *Jones v. Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 930.) In a similar vein, the failure to provide a proper record of the prove-up hearing bars any argument that the punitive damages were related to any non-personal injury cause of action. Thus, the aspects of the judgment discussed in this paragraph are affirmed. (Code Civ. Proc., §§ 425.11, 425.115; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶¶ 5:82, 5:104, pp. 5-23, 5-30 [rev. # 1, 2009 and 2014].) As to the personal injury damages, the trial court is free to issue a writ of execution or other enforcement of judgment documents.

## IV. DISPOSITION

The sanctions orders and default judgment are modified as discussed in the body of this opinion. Plaintiffs, Emmanuel Gutierrez-Hernandez and Maria Gutierrez, shall recover their appeal costs from defendants, McGills Warehouse, Inc. and Donald C. Gallagher.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

12